IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY ARTHER ANDREOZZI,

    Petitioner,                    No. CIV S-05-2102 GEB KJM P

    vs.

T. SCHWARTZ, Warden,

    Respondent.               ORDER

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. He does not challenge his underlying conviction, however, but alleges that Miller, a correctional counselor did not mail plaintiff's corrected deposition in Andreozzi v. Davis, Civ. No. S-02-0796 GEB CMK P and/or falsified the document. He also claims that Deputy Attorney General Robert Llewellyn failed to investigate his claims.

        Petitioner does not allege his continued confinement violates the federal constitution, a prerequisite for federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Instead, his action appears to be more properly brought under the civil rights act, 42 U.S.C. § 1983, but is not on the court's form for such an action. In addition, the information included with petitioner's request to proceed in forma pauperis is insufficient to determine whether he meets the requirements set forth in 28 U.S.C. § 1915. To obtain leave to proceed in

1

forma pauperis, plaintiff must file not only an in forma pauperis affidavit, but also a certified trust account statement for the six month period immediately preceding the filing of the complaint. In addition, the certificate portion of the in forma pauperis application must be completed by someone at the institution. 28 U.S.C. § 1915(a)(1), (2).

On November 18, 2005, petitioner filed a "motion to inter new evendence [sic]." The documents attached to this motion seem to relate to an action petitioner has filed in the state Supreme Court and little, if anything, to do with the claims underlying this action. On December 19, 2005, he filed an "ex parte communication," attaching some pages left out when the November 18, 2005 motion was copied. These, too, appear to have nothing to do with this action. The motion and the communication are not well taken.

On November 28, 2005, petitioner filed a motion for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Moreover, if the court construes the case as a civil rights action, district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's application for a writ of habeas corpus is dismissed, but petitioner is given leave to file a civil rights action, bearing the same case number and a completed in forma pauperis application within thirty days of the date of this order. Petitioner's failure to comply

with this order will result in a recommendation that the action be dismissed.

2. The Clerk of the Court is directed to send petitioner this court's form for a civil rights action by a prisoner and an application to proceed in forma pauperis in a civil rights action.

3. Petitioner's November 18, 2005 motion is denied.

4. Petitioner's November 28, 2005 motion for the appointment of counsel is denied.

5. Petitioner's December 19, 2005 communication will be disregarded.

DATED: March 16, 2006.

                                           UNITED STATES MAGISTRATE JUDGE

2
andr2102.nh

3